known as "No. 2" in the apartment building, while in that case the flat was known as "No. 5." The grounds urged for reversal are the same as in the case referred to and the decision in that case *held* controlling.

J. MARION MILLER, for plaintiffs in error.

E. M. SEYMOUR, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

---

## Bernard Brozowski, Plaintiff in Error, v. Stanislaw Grohocki, Defendant in Error.

### Gen. No. 19,055. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRED C. HILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 10, 1914.

### Statement of the Case.

Action by Bernard Brozowski against Stanislaw Grohocki for commissions alleged to be due in effecting the sale of a piece of real estate. The plaintiff introduced in evidence a partly executed contract, purporting to be between defendant and John Svatik and Eva Svatik, in and by which the defendant was to convey to John and Eva Svatik certain property in Chicago for certain property said to be owned by John and Eva Svatik in Indiana. In the form of the contract it was provided that defendant should pay plaintiff one hundred and fifty dollars and the other parties to pay him two hundred dollars. This form of contract was signed by the defendant and John Svatik,

but was not signed by Eva Svatik. Judgment was rendered against plaintiff for costs. To reverse the judgment, plaintiff brings error.

DAVID & ZILLMAN, for plaintiff in error.

LEE & LEE, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

### Abstract of the Decision.

BROKERS, § 88*—*when proof insufficient to show right to commissioners.* In an action to recover commissions for affecting a sale of real estate, it appeared that the defendant and two persons procured by plaintiff entered in what purported to be a contract for an exchange of lands which was signed by the defendant and one of the persons procured by the plaintiff, but not by the other. *Held* that plaintiff was not entitled to recover where it appeared that the two persons were tenants in common of the land to be exchanged, and there was no attempt to prove that the person not signing the contract was ready and willing to perform, except by the introduction in evidence of the partly executed agreement.

----

### Causetta Posey, Defendant in Error, v. William B. Graham, Plaintiff in Error.

### Gen. No. 19,081. (Not to be reported in full.)

Error to the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 10, 1914.

### Statement of the Case.

Action by Causetta Posey against William B. Graham on a contract giving plaintiff an option of an interest in certain lands, or a return of the amount ad-